morning your honors may it please the court I'd like to reserve five minutes for rebuttal okay counsel please be reminded that the time showing is your total time remaining thank you your honors my name is Jefferson Reid and I'm happy to represent Jeffrey and Catherine Harper the appellants in this matter your honors this is a watershed case in the tax world the Harper's filed and amended return that form 6765 which is the prescribed form to claim the R&D tax credit that resulted in a refund being owed to the Harper's but despite following all the guidance from the Treasury Department and all the prescribed forms the case was dismissed on a 12v1 motion for lack of subject matter jurisdiction despite doing everything right the case was dismissed so why was this a watershed case because tens of thousands of taxpayers claim the R&D tax credit every year and have been doing so for years when they do that this includes companies such as Microsoft Apple for and numerous small businesses when they claim the R&D tax credit they do so by filing the prescribed form 6765 because that's the form that the Treasury Department lists for all the information it requires for notice despite that this is the only case that has been dismissed for lack of subject matter jurisdiction despite having filed the all the proper forms and the tax return as required your honor the court erred for three reasons in granting the 12v1 motion to dismiss it first erred in failing to recognize that the amended return along with the prescribed form met the specificity requirements for a formal claim for refund it erred second because it failed to recognize the evidence in the record that showed the IRS had notice of the nature of the claim and it erred third because it applied the wrong test your honors if the case below is allowed to stand it will be a shock to the tax world because tens of thousands of taxpayers have relied upon the guidance of the Treasury Department and it will open a pathway for the IRS to arbitrarily dismiss such cases without even having a judicial review and it cannot stand your honor the court first erred by failing to recognize the amended return plus the prescribed form constitutes notice under the Treasury regulations your honors there's two pathways to provide for a taxpayer to provide notice the first pathway is a prescribed forms and a proper claim for refund if that is done then the taxpayer has completed all that is required for subject matter jurisdiction the second pathway is informal claim and that only comes into effect and is only looked at if there's a defect in the formal notice but there was no defect in the formal notice here your honors the court failed to recognize that the amended return plus the prescribed form met the specificity requirements why because the Treasury regulations specifically state that an amended return constitutes a claim for refund the Treasury regulations state that when there is a prescribed form for a credit or deduction that the taxpayer must use the prescribed form which the Harper's did and third the swearing requirement is met when the Harper's signed their tax return they did so under the penalties of perjury which meets the swearing requirement so all the information that the Treasury Department has asked for to provide it notice of the claim for refund and the army tax credit was met by the Harper's in this case Mr. Reed excuse me Judge Lynn what do you make of the language of 301.6402B1 that says the claim must set forth in detail in detail each ground upon which a credit of refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof doesn't that require more than simply a form with numbers no your honor it does not if the form is the prescribed form that 316765 is the form that provides notice the sole purpose of that form is to provide the notice that the Treasury Department needs to understand that the R&D tax credit is involved and that was filed that's all that's needed and that's not just a Harper saying that the court in fierce versus the United States I'm sorry versus Commissioner and the Northern District of Texas noted that in the normal course of events the return itself with a prescribed form meets that requirement that was cited in the Beckwith case by that has been relied upon by opposing counsel and that's all that's needed for formal notice in this case I noticed in looking at the form form 6765 I did not see any place on that form that says you know attach a detailed explanation or attach you know something else it seemed to me the form itself was all that was required am I missing something no your honor you're precisely correct on that if you look at the form 6765 it lays out information but nowhere does it say attach a narrative statement nowhere is there a box that says please provide an explanation and that differs from the cases which have been cited by opposing counsel with regard to informal claims for those that's a form 843 counsel can the form supersede the requirements of the statute though yes that the Treasury regulations are what the IRS and Treasury Department says it's needed so the Treasury regulation 301.6402-2b that's from the Treasury Department so yes when the and by the way the Treasury regulation says in 301.64-c when there's a prescribed form for a credit or deduction taxpayer must use that form so yes it does meet that requirement and again that's exactly what Firas indicated in its counsel that's not a bind this case is not binded on us so we don't have to follow the same rationale as that case. Sure your honor and that case was picked up by Beckwith and cited approvingly but the court may also look to the case from this court in Boyd versus the United States. In Boyd versus the United States the court said that you do not need to marshal out legal theories and you do not need to provide a full factual background all that is needed is to state the nature of the case for the claim for refund and the nature for the claim for refund in this case was the R&D tax credit. That is the beginning and end analysis for formal notice and there is no defect here. Your honor but that brings me to the second point of error the court failed to recognize the evidence in the record that showed the IRS had notice. Why? Because the IRS examined the Harper's for four years. During that four years the IRS sent information and document request to the Harper's specifically asking about the R&D tax credit legal basis. The Harper's responded to those and the Harper's provided over a hundred thousand pages of documents. Those were analyzed by the IRS and they came out to a written analysis and conclusion which was memorialized in form 886a which was attached to the appellant's to the appellee's original motion to dismiss in the record. In that analysis and conclusion the basis for denying the refund claim was the R&D tax credit and now the IRS wants to turn around and said it did not have notice of the R&D tax credit claim. I'd be interested to hear from opposing counsel when she has her time indicate what is the deduction or refund or credit that the Harper's are claiming that they didn't have notice of because clearly they had notice of the R&D tax credit here. And that brings me to the third point of error. The court erred because it applied the wrong test for jurisdiction. For jurisdiction under 26 U.S.C. 7422a it states that what a taxpayer needs to do for jurisdiction is provide a formal claim for refund which the Harper's did with their amended return plus prescribed form and then there needs to be a passage of six months of time. In this case there was a passage of four years of time. Yet it's inescapable that what the court did is look at fact findings going to the legal theories of the R&D tax credit claim. And as this court said in safe air for everyone versus Meyer and as more as it stated in Morrison versus Amway under a 12b1 motion in a case, it is exceptional to dismiss that case for jurisdiction when the facts implicate the merits of the cause of action. And it's improper to do so even when the facts are intertwined. In this case the court did not look at and focus solely on the facts that go to jurisdiction but instead if you look at the order it talks about the application of the statutory test for the R&D tax credit. If we disagree with you regarding whether or not you met the requirements for filing a formal claim do you lose? No your honor because even under the informal claim there was notice. The notice was provided as stated by the examination of the IRS in this case of the R&D tax credit. Notice is not to be a trap for the unwary as stated in the motion cited by this case. It's supposed to be simply does it provide the nature of the claim and this was provided the IRS had notice as it showed through the examination and it meets the informal test as well as the formal test. Your honor not only will the Harper's be prejudiced unfairly prejudiced if this case is allowed the district court's decision is allowed to stand but the tens of thousands of taxpayers who in claiming the R&D tax credit will be left in a quandary and will be prejudiced by that decision because it will open a pathway for the IRS to arbitrarily deny those claims for lack of notice and have no judicial review making the IRS judge and jury as to those claims. For these reasons the court from the decision from the lower court cannot stand and for these reasons the I return the rest of my time and reserve the remaining time for rebuttal. All right thank you counsel we'll hear from the government. Good morning Cheryl Wong for the government and may it please the court. The district court did not have jurisdiction of this case because one simply filing an amended return and the correct form or citing a code section did not help taxpayers satisfy the specificity requirement in this case. Counsel? Yes. In reviewing the record did you did the government ever tell the taxpayers during the period of years that it was investigating their claim and getting documents asking for information did it ever during that period say the specificity requirement isn't that we don't understand what you're what you're asking for? Well in the in the well we kept asking for a lot of information. I understand that but did you ever say we don't understand you haven't done enough to tell us what it is that you're asking for? You haven't met this requirement. In the determination in the in the denial report the IRS that said the taxpayers never gave us never properly identified the business components. The taxpayers were answering the question with the question and the IRS was operating on a lot of guesses they're supposing the with language like to the extent that the business components were these then we think that and the taxpayers were the taxpayer was suggesting without stating that the business components were that and the business components were the starting point of any section 41 analysis. Was there ever any question that the taxpayers were seeking an R&D tax credit? No. We knew that but that but us knowing that and knowing to open an audit based on the section based on section 41 is the threshold for an informal claim and that informal claim has to be cured and the defect in this case was the lack of specificity. The way that the Ninth Circuit has glossed the specificity requirement is that it's to quote give the IRS adequate notice of the claim and its underlying facts so that it can make an administrative investigation and the claim. So simply signing a code section is not an underlying fact and it doesn't tell us in real-world factual terms what the claim is about. So I'm still confused because you ultimately after this period of years of investigating and talking to the taxpayers and getting all this information made a decision. You made a decision about their refund claim and that decision doesn't say we can't decide this because we don't have enough information. Right? Well the IRS was forced to do a very general denial. Section 41 the credit is given to not businesses that engage in certain activities but businesses that work on specific projects that needs statutory criteria and at the end when we issued that discrimination report we still didn't know what those projects were much less what activities were involved in each project. So what did the denial say we deny because we don't know enough about what your business is doing? Because as I was quoting before to your previous question the IRS was using all this language saying well supposing the business components were this then we think that. Right? And to the extent that they are this then we think this other way. We never knew that and to say the IRS at the end didn't know about the general business practice of the taxpayer but that is not what the credit is about. The credit is about specific projects that needs statutory criteria and we never even began the process of identifying what those specific projects were. Is there anything in form 6765 that No. The touchstone is the specificity requirement. As John just quoted in response to opposing counsel that they must set forth in detail each round and fact sufficient. And a series of calculations do not constitute fact sufficient for the IRS to make a determination on the facts because we don't have them. What is the function of form 6765? It has at least the taxpayer through a series of calculations to an amount. So by filing that form the IRS would know that a claim was being filed based on section 41. But in this case also the taxpayers had the opportunity in the audit to give us that information that we think is missing. And by the end we still don't know what these projects were. We identified two possibilities in our brief and I noticed in the taxpayers reply brief and just now what Mr. Reid was saying that he didn't point to a place in the record where we can find them. He didn't tell us well which ones they were. Much less and also in in their submissions to the IRS the taxpayers told the IRS several times that they did not track activity by business component. And that makes it impossible for the IRS to do the legal analysis of whether something meets the definition of quote-unquote qualified research in the in the statute. And the third problem is that the information that was given to us in the all those documents were not specific. They were generality. That doesn't tell us anything about the business component. For example on page 347 of your exception record the taxpayer said quote-unquote we improve value and constructability for new facility. Or we develop unique solutions to a combination of various aspects spanning disciplines of architectural civil structural etc etc. That doesn't convey a lot of information. Other than at the end the IRS knew that well this is a construction business and this is the general way of operating. But as to what projects there were the IRS did not know. It seems to me that these are all sort of substantive questions regarding the merits of the requested refund and things that you would expect the IRS and the taxpayers would litigate over a period of four years. What we're talking about here is a threshold question of notice is sufficient to meet the statutory requirement that sort of the waiver of sovereign immunity. And as I read as I read the cases the question is whether the IRS was placed on notice of the claim that the taxpayers were being made. And if the notice is sufficiently detailed that gets over the threshold of jurisdiction. And as I understand the taxpayers argument the completion of the form 6765 and the filing of an amended return places the IRS on notice that they're requesting an R&D tax credit and that should suffice and that should meet the requirement of the statute in terms of stating a claim. What's your comment? Well filing an amended return plus the correct form places us on notice that they are they want this refund based on this section of the statute. It doesn't tell us about and I'm quoting the regulation facts sufficient to apprise the IRS to apprise the commissioner of the exact basis thereof. If there are no facts, a code section is not a fact. It doesn't tell us anything about what the business of the taxpayer is and I would disagree that this is a merits issue. Now we have to get into the merits a little bit because to understand whether something is detailed enough you have to understand how the statute works a little bit. Well if what you're I hear you hear what you're saying but if what you're saying is true then why is form 6765 presented the way it is presented? Why doesn't it have a section state the facts sufficient or some such thing? Well a couple of thoughts on that. The first is the regulation that we ask for facts and second when we take into other facts and circumstances the taxpayers here have a sophisticated representative during the audit in the form of Mr. Reed's firm and and I recall the discourse case in Palomar's where those circumstances were also taken into account. Are you are you saying the the IRS is fully aware of and attends the whole taxpayers to the requirements of the regulation but has promulgated a form that is inconsistent with that regulation? There is no authority that we know of saying that filling out a form is sufficient to meet the demands of the form. We are trying to preserve some flexibility in how the taxpayers keep their records and what they present and in this particular case when when the taxpayers have the chance during the audit by responding to the document requests that we are asking for the questions we are helping them to shore up the claim and if there is any misunderstanding of what is required and we got a lot of documents in this case but what was put into the record did not tell us about the most basic elements of the claim. The business components, the qualified research and what information were these processes trying to discover. Counsel I guess I mean I'm still struggling with the questions that I asked at the outset of your time of like what did the IRS do to let these requirements that you're now advancing this regulation requiring specificity and they they provided the required form they responded to your request for documentation and participated in that process they weren't uncooperative as far as I can tell from the record so when did you say you're not meeting this regulation you've got to do you know make a more clear claim did you ever say that? Well we never said that but by the fact that we kept asking for these questions that target what we think is missing and then at the end of four years we still think that we still don't have the most basic information then by that then we have essentially told them that they have not given us sufficient specificity. And I guess I still struggle with that conclusion because if you never said that and then you issue a decision that addresses the merits of their argument as opposed to says we're denying this because you haven't made a sufficient claim how are these taxpayers to know until this lawsuit that the IRS thought that there wasn't a sufficient claim made? Because we asked them for all this information and then they gave us generalities that did not touch on the basic elements of their claim. So right you ask them for information which would be a standard process in an investigative process which is what was to that and and then you make a decision on the merits. Well I would disagree that we made a decision on the merits because in Angeles Millings the Supreme Court said that the Commissioner's attention should have been focused on the merits of the particular dispute and that the evidence should be clear that the Commissioner understood the specific claim that was made. And as I was quoting from the IRS's denial report it says to the extent that the business components are these then we think that. What's the page in the record that you're looking at? That is page 88 of the excursive record. Okay so this is similar language here in the middle of the page it says here the taxpayer is suggesting without stating that the business components is a client-owned system etc etc. So it's suggesting without stating so the IRS is operating on assumptions here and if this is deemed to be on the merits a decision on the merits then we are going into court again not knowing anything about the starting point of what a section 41 claim is about. And that would defeat a central purpose of the administrative process. So if there are no further questions we would ask this court to affirm. Thank you. Thank you counsel. Rebuttal? Commissioner Hunter I'd like to make three quick points. First to Judge Lynn's question as to the form 6765. That form asks several questions. It asks about what wages are claimed. It asks about the base percentage that's used, the fixed base percentage, the supply cost. All that information is the information designated by the Treasury Department as the information it needs for notice. The purpose of the form 6765 is to provide sufficient notice for the IRS to examine. That is the purpose of the form. The second point I would like to make the parties clearly disagree as to what is required by for the R&D tax credit. I would point out that in suitor versus commissioner the same processes were used. That's a tax court case of 2014-201. The same processes were used to identify the credits as were used in this case and that was upheld as sufficient. So for opposing counsel to say that there was insufficient information to examine we disagree as to the merits. We disagree as to what is sufficient. Those sufficiency of the evidence goes to a different question, not to jurisdiction questions. That goes to something that should be on the merits which is not appropriate on a 12b1 motion to dismiss. Additionally I'd like to point out the synergy staffing case which was cited by opposing counsel. In that case it was a temp services company. The temp services company provided two or three pages of information. This was done as an informal claim and the claim for refund was done after the IRS had examined and already assessed taxes. So there was a narrative provided in that case. The single line, a single sentence in that two pages was sufficient for the so to say that the taxpayer in this case had to marshal out the legal theories and factual background in order for the IRS to understand just to get jurisdiction is incorrect and as indicated earlier that is a ninth circuit case and as I indicated before in Boyd versus U.S. it also states that marshaling out the legal theories and factual background is not necessary. Your honors the taxpayers in this case provided all the information requested of them by the treasury department formally and then answered all the questions that the IRS had for them informally. It meets both tests both the formal test and the informal test. For these reasons we ask the court reverse the decision of the lower court and because it impacts not just the Harper but it impacts tens of thousands of taxpayers who follow the exact same guidance. Counsel Okay so you're requesting us to remand the case procedurally what do you envision will happen once the case is remanded? I envision that the parties will be allowed to conduct further discovery as to the merits of the case. At this point in time the Harpers have no indication there's been no answer. The cases for the R&D tax credit are handled de novo and I see that I'm out of time. May I finish addressing your question? Yes please. Yeah the tax cases are typically done de novo meaning all the analysis that's done during the examination doesn't have any difference on what goes forward. As far as what defenses the IRS raises in the case those may be completely different than what they raise in exam is my point but there must be discovery as to that and after there is discovery and after the Harpers are able to gather the witnesses to explain the documents it's been 10 to 12 years your honor so there's as you may imagine your employees that have left since then you got to go find after that discovery has been conducted then the taxpayer would hope to have that submitted to the trier effect on the merits. All right are there any other questions? All right thank you to both counsel for your helpful arguments in this case the case is submitted for decision by the court.
judges: Rawlinson, Linn, Hunsaker